STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PILGRIM'S PRIDE CORPORATION OF
WEST VIRGINIA, INC., Employer Below, Petitioner**

**vs.)   No. 12-0212**  (BOR Appeal No. 2046579)
(Claim No. 2011007807)

**LUIS CASADO MEJIA,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pilgrim's Pride Corporation of West Virginia, Inc., by Stephen Mathias, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 20, 2012, in which the Board affirmed a November 1, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 8, 2010, decision rejecting Mr. Mejia's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mejia alleges that he sustained an injury to his right wrist on August 11, 2010, while working on the production line at Pilgrim's Pride Corporation. On August 17, 2010, Mr. Mejia was examined by Ms. Yeater, P-AC, who stated that Mr. Mejia began experiencing right wrist pain four months ago, and diagnosed him with a right wrist sprain/strain. On August 25, 2010, Mr. Mejia was examined by Dr. Hahn, who also noted that Mr. Mejia's right wrist pain began four months ago, and diagnosed him with a right wrist scapholunate injury. On September 8, 2010, the claims administrator rejected the claim.

1

In its Order reversing the claims administrator's September 8, 2010, decision, the Office of Judges held the claim compensable for right wrist sprain based on a finding that the evidence of record demonstrates that Mr. Mejia suffered a compensable right wrist sprain on August 11, 2010. Pilgrim's Pride Corporation disputes this finding and asserts that the evidence of record demonstrates that Mr. Mejia did not sustain a right wrist injury during the course of his employment.

The Office of Judges found that although Mr. Mejia's medical record indicates that he began experiencing right wrist pain four months before the date of the alleged injury, Mr. Mejia's explanation that due to his poor English he was unsuccessful in attempting to convey that he was employed for four months before the alleged injury is plausible. As noted by the Office of Judges, despite the history that Ms. Yeater received from Mr. Mejia, she stated on the employer's Report of Injury that Mr. Mejia sustained an occupational injury resulting in a right wrist sprain, and Dr. Hahn's treatment notes indicate that he requested further diagnostic testing through workers' compensation. The Board of Review reached the same reasoned conclusions in its decision of January 20, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 30, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II